IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS JONES, JOSEPH CHARLES LOHFINK, SUE BEAVERS, RODOLFOA REL, and HAZEL REED THOMAS, on behalf of themselves and other similarly situated | PLAINTIFFS |
| v. | CAUSE NO. 1:14CV447-LG-RHW |
| SINGING RIVER HEALTH SERVICES FOUNDATION, et al. | DEFENDANTS |

*CONSOLIDATED WITH*

| | |
|---|---|
| REGINA COBB, SUSAN CREEL, and PHYLLIS DENMARK, on behalf of themselves and others similarly situated | PLAINTIFFS |
| v. | CAUSE NO. 1:15CV1-LG-RHW |
| SINGING RIVER HEALTH SYSTEM, et al. | DEFENDANTS |

*AND*

| | |
|---|---|
| MARTHA EZELL LOWE, individually and on behalf of a class of similarly situated employees | PLAINTIFFS |
| v. | CAUSE NO. 1:15CV44-LG-RHW |
| SINGING RIVER HEALTH SYSTEM, et al. | DEFENDANTS |

**ORDER REQUIRING SINGING RIVER HOSPITAL SYSTEM TO FILE A RESPONSE TO KPMG LLP'S MOTION TO COMPEL ARBITRATION**

**BEFORE THE COURT** is the Motion to Compel Arbitration [89] filed by the defendant KPMG LLP. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that Singing River Hospital System should be required to file a response in opposition to the Motion.

## DISCUSSION

In its Motion to Compel Arbitration, KPMG raises an arbitration clause contained in an attachment to engagement letters entered into by KPMG and Singing River Hospital System. Although only Singing River Hospital System signed the Engagement Letters, KPMG claims that the Jones and Lowe plaintiffs are bound by the arbitration clauses pursuant to the doctrine of equitable estoppel. The Jones and Lowe plaintiffs have filed a response in opposition to the Motion. Although Singing River requested additional time to respond to the Motion, it never filed a response.

The Mississippi Attorney General has opined that state agencies and political subdivisions, including county entities, generally are not permitted to enter into binding arbitration agreements unless authorized to do so by the Legislature. *See* MS. Att'y Gen. Op., No. 2002-0295, 2002 WL 1579650 Clark (June 7, 2002); *see also* MS Att'y Gen. Op., No. 2001 WL 283630 Austin (Feb. 16, 2001). As a result, the Court finds that Singing River Hospital System should be required to file a response to the Motion to Compel Arbitration. The response should address (1) the issue of whether Singing River Hospital System had authority to enter into a binding arbitration agreement with KPMG, and (2) the issue of whether the arbitration agreement is valid and enforceable. The response must be filed by August 13, 2015. KPMG may file a reply to Singing River's response by August 24, 2015.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Compel Arbitration [89] filed by the defendant KPMG LLP is **TAKEN UNDER ADVISEMENT**. Singing River Hospital System is ordered to file a response to the Motion to Compel Arbitration by **August 13, 2015**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that KPMG may file a reply to Singing River's Response by **August 24, 2015**.

**SO ORDERED AND ADJUDGED** this the 27th day of July, 2015.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE