IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS JONES, ET AL | PLAINTIFFS |
| VS. | CAUSE NO. 1:14CV447 LG-RHW |
| SINGING RIVER HEALTH SYSTEM, ET AL | DEFENDANTS |

CONSOLIDATED WITH

| | |
|---|---|
| REGINA COBB, ET AL | PLAINTIFFS |
| VERSUS | CAUSE NO. 1:15CV1 LG-RHW |
| SINGING RIVER HEALTH SYSTEM, ET AL | DEFENDANTS |

CONSOLIDATED WITH

| | |
|---|---|
| MARTHA EZELL LOWE, ET AL | PLAINTIFFS |
| VERSUS | CAUSE NO. 1:15CV44 LG-RHW |
| SINGING RIVER HEALTH SYSTEM, ET AL | DEFENDANTS |

### DEFENDANT, SINGING RIVER HEALTH SYSTEM'S, MEMORANDUM BRIEF IN RESPONSE TO KPMG, LLP'S, MOTION TO COMPEL ARBITRATION

#### I. BACKGROUND

Defendant, KPMG, LLP, has filed a Motion to Compel Arbitration (Doc. #89). In its Motion to Compel, KPMG, LLP, raises an arbitration clause contained in an attachment to the engagement letters entered into by KPMG, LLP and Singing River Health System (hereinafter "SRHS"). This Court by Order of July 27, 2015, has requested that SRHS respond to KPMG, LLP's Motion to Compel Arbitration (Doc. #109).

The Court has required SRHS to respond to (1) the issue of whether SRHS had authority to enter into a binding arbitration agreement with KPMG, LLP, and (2) the issue of whether the

arbitration agreement is valid and enforceable. (*See Order at Page 2 (Doc.#109).* Although former CFO Michael Crews had authority to sign the engagement letters, SRHS contends that any arbitration clauses contained therein are unenforceable.

## II. ARGUMENT AND CITATION OF AUTHORITY

This Court has noted that "the Mississippi Attorney General has opined that State agencies and political subdivisions, including county entities, generally, are not permitted to enter into binding arbitration agreements unless authorized to do so by the legislature". *See Order at Page 2 (Doc.#109).* The Mississippi Legislature has set forth by statute the specific, limited areas in which governmental entities may agree upon binding arbitration. *See Mississippi Code Annotated §11-15-101 and §11-15-103.* These specific areas are limited to construction, repair and engineering agreements to build or repair buildings and roads. *See Mississippi Code Annotated §11-15-101, et.seq.* Additionally, the legislature has authorized that billing and service disputes between public utilities and customers shall be subject to arbitration by the Public Service Commission. *See Mississippi Code Annotated §21-27-29.* The Mississippi Supreme Court has long recognized the cardinal rule of *inclusio unius est exclusio alterius* and its guiding principle that "where a statute enumerates and specifies the subject of things upon which it is to operate, it is to be construed as excluding from its effect all those not expressly mentioned". *State ex. rel. Whall v. Saenger Theaters Corp,* 200 So. 442, 446 (Miss. 1941). Applying this principle to the statutes listed above, there is no legislative authorization for the enforceability of arbitration provisions in the KPMG, LLP engagement letters. Therefore, even if signed by SRHS, they are void as *ultra vires* acts.

As noted by this Court, there are Attorney General opinions which stand for the proposition that governmental entities do not have authority to enter into agreements to arbitrate disputes except in those contracts specifically enumerated. The University of Mississippi Medical Center was

advised by the Attorney General that it had no authority to enter into contracts to be resolved by binding arbitration unless it was specifically enumerated in Mississippi Code Annotated *§11-15-101*. *See MS AG Op. No. 1999-0026 (Feb. 5, 1999), 1999 WL 152722.* In MS AG Op. No. 2001-0016, Austin, Feb. 16, 2001, 2001 WL 283630, the Attorney General's office found that it was "unable to locate any authority which would permit the DeSoto County Convention and Visitor's Bureau to enter into agreements which require it to submit disputed issues to binding arbitration as its sole remedy". In MS AG Op. No. 2002-0295, Clark, 2002 WL 1579650, the Attorney General opined that the West Rankin Metropolitan Sewer Authority had authority to enter into contracts, but not with binding arbitration provisions. The Attorney General's office noted that the Sewer Authority did not have specific authority in its enabling legislation or general legislation to enter into binding arbitration agreements. *Id.* As cautioned by the Attorney General's office, "binding arbitration agreements made by political subdivisions are a form of dispute resolution which do not encompass protections of litigation, such as summary judgments, the discovery process and avenues of appeal, and may run afoul of constitutional provisions and statutes. *MS AG Op. No. 2002-0606, Chamberlin, 2002 WL 31663333 and MS AG Op. No. 2011-00359, Watkins, (Oct. 5, 2011), 2011 WL 5857709.*

Although Mississippi Code Annotated *§41-13-35* grants boards of trustees of community hospitals authority to enter into contracts, there is no such explicit grant of authority to enter into binding arbitration. *But see, Hancock Medical Center vs. Quorum Health Resources, LLC,* 2015 WL 1387469 (S.D. Miss. 2015) (Court found HMC was impliedly authorized to contract for arbitration).

SRHS requests that the Court deny KPMG, LLP's Motion To Compel Arbitration.

Respectfully submitted, this the 11th day of August, A.D., 2015.

BY:     _/s/ A. Kelly Sessoms, III_
        Brett K. Williams, MSB #7224
        A. Kelly Sessoms, III, MSB #9466
        Hanson D. Horn, MSB #103524
        DOGAN & WILKINSON, PLLC
        734 Delmas Avenue, P. O. Box 1618
        Pascagoula, MS 39568-1618
        Telephone: (228) 762-2272
        Facsimile: (228) 762-3223

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2015, I electronically filed the above and foregoing Defendant, Singing River Health System's, Memorandum Brief In Response To KPMG, LLP's, Motion To Compel Arbitration with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

                                                _/s/ A. Kelly Sessoms, III_
                                                Brett K. Williams, MSB #7224
                                                A. Kelly Sessoms, III, MSB #9466
                                                Hanson D. Horn, MSB #103524
                                                DOGAN & WILKINSON, PLLC
                                                734 Delmas Avenue, P. O. Box 1618
                                                Pascagoula, MS 39568-1618
                                                Telephone: (228) 762-2272
                                                Facsimile: (228) 762-3223
                                                bwilliams@dwwattorneys.com
                                                ksessoms@dwwattorneys.com
                                                hhorn@dwwattorneys.com