**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**THOMAS JONES, et al., on behalf of
themselves and others similarly situated**                       **PLAINTIFFS**

**v.**                                                    **CAUSE NO. 1:14CV447-LG-RHW
CONSOLIDATED WITH 1:15CV1-LG-RHW
CONSOLIDATED WITH 1:15CV44-LG-RHW**

**SINGING RIVER HEALTH SYSTEM, et al.**                       **DEFENDANTS**

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENAS

COMES NOW, Barry Cumbest, Supervisor-District 1 of the Jackson County Board of Supervisors, Melton Harris, Jr., Supervisor-District 2 of the Jackson County Board of Supervisors and Joshua Eldridge, Jackson County Chancery Clerk, by and through their attorney, William Lee Guice III, and files this their Memorandum in Support of Motion to Quash Subpoenas, and would respectfully show as follows:

1.     On Wednesday, May 11, 2016, Barry Cumbest, Melton Harris, Jr. and Joshua Eldridge were served with Subpoenas commanding them to appear at the Final Fairness Hearing scheduled in the above styled cause on Monday, May 16, 2016.

2.     The subpoenas must be quashed as they violate Rule 45(b) of the Federal Rules of Civil Procedure, which, in relevant parts, provides that quashing or modifying a subpoena is required when the subpoena "(i) fails to allow a reasonable time to comply… (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden."

3.      Mr. Cumbest, Mr. Harris and Mr. Eldridge are expected to appear and participate in the regularly scheduled Jackson County Board of Supervisors Meeting also scheduled for Monday, May 16, and subpoenaing them to appear at a hearing where they are not a parties to the subject dispute less than three business days before the scheduled hearing is unreasonable and burdensome and runs contrary to the Federal Rules of Civil Procedure.

4.      It is only logical to assume that Mr. Cumbest and Mr. Harris have been subpoenaed to testify regarding their representative and official capacity as elected Jackson County Supervisors and the Board's alleged involvement in the failed Pension Trust and Singing River Health System.  Their testimony would be irrelevant, as Jackson County is not a party to the settlement that is the subject of Monday's Final Fairness Hearing, is privileged, as most of their involvement in the Jackson County Board of Supervisors' meetings relevant to Singing River Health System and the Pension Trust were in executive session, and against consistent Mississippi Supreme Court holdings that prohibit county board members from testifying in a representative capacity.

5.      Miss. Code § 25-41-5(1) provides that "All official meetings of any public body, unless otherwise provided in this chapter or in the Constitutions of the United States of America or the State of Mississippi, are declared to be public meetings and shall be open to the public at all times unless declared an executive session as provided in Miss. Code § 25-41-7."  Miss. Code § 25-41-7(1) provides that "Any public body may enter into executive session for the transaction of public business."  Miss. Code § 25-41-7(4)(b) specifically authorizes an executive session for the purpose of conducting "Strategy sessions or negotiations with respect to prospective litigation, litigation or issuance of an appealable order when an open meeting would have a detrimental effect on the litigating position of the public body."

6. William Lee Guice III, attorney for the Jackson County Board of Supervisors, was present during throughout the executive sessions in issue and provided legal advice and legal opinions to the board. The discussions which took place during executive sessions are protected by the attorney/client privilege and cannot be disclosed by Movants. *Hinds County Bd. of Sup'rs v. Common Cause of Mississippi*, 551 So.2d 107 (Miss. 1989).

7. The subpoenas in issue were not timely served. Courts have found that a 14 day minimum service requirement for trial subpoenas is reasonable. *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271 (4th Cir. 2005) and *Bland v. Fairfax County, Va.*, 275 F.R.D. 466 (E.D.Va. 2011). Movants were served on May 11, 2016, which equates to five calendar days and 2 business days notice. Clearly this is not sufficient notice as it does not provide Movants with sufficient time to prepare for the hearing, to consult with legal counsel, and to make arrangements both personally and professionally. This lack of notice will cause undue burden upon Movants.

8. The Mississippi Supreme Court has consistently held that **boards of supervisors** and other public boards in the State of Mississippi can **"speak only through their minutes and their actions are evidenced solely by entries on the minutes."** *Thompson v. Jones County Community Hospital,* 352 So.2d 795 (Miss. 1977) (emphasis added). See also *Wellness, Inc. v. Pearl River County Hospital*, No. 2014-CA-01696 (Miss. Nov. 19, 2015). Further, in what is still a well regarded holding, *Smith et. al. v. Board of Supervisors* stated:

> It was error for the court to permit individual members of the board of supervisors to testify what the board did, and what the board understood, and what the board had authorized to be done in the premises. A board of supervisors can act only as a body, and its act must evidenced by an entry on its minutes. The minutes of the board of supervisors are the sole and exclusive evidence of what the board did. **The individuals composing the board cannot act for the county, nor officially in reference to the county's business**, except as authorized by law, and the

> minutes of the board of supervisors must be the repository and the evidence of their official acts.

124 Miss. 36, 86 So. 707 at 709 (1920). See *Pike County v. Indeck Magnoila*, LLC, 866 F. Supp. 2d 589, 592 (S.D. Miss. 2012), *Burdsal v. Marshall County*, 937 So.2d 45, 48 (Miss. App. 2006), and *Mississippi Gaming Commission v. Pennebaker*, 824 So.2d. 552, 555 (Miss. 2002).

9. A consequence of two members of the Board of Supervisors being absent would be to potentially change the outcome of any vote which may come before the Board of Supervisors at the meeting on Monday, including, but not necessarily limited to, a vote to rescind the Contribution Agreement. For example, a vote which would be three to two with all supervisors present could now be two to one, completely changing the outcome, with two supervisors absent. To the extent same is a possibility, it is within reason for this Court to construe these subpoenas as an attempt to interfere with the Class Settlement process.

10. Further, this court should limit the testimony of the current members of the Jackson County Board of Supervisors, Mr. Cumbest and Mr. Harris, as well as the Jackson County Chancery Clerk, Mr. Eldridge. The subpoenas do not describe for what purpose the Objectors wish to call Movants to testify at the Final Fairness Hearing. However, Objectors have offered the following criticisms of the settlement as it relates to Jackson County: (1) insufficient discovery was conducted with respect to the liability of Jackson County; (2) the procedural adequacy of the County's vote authorizing the settlement is on appeal; (3) the Contribution Agreement between Jackson County and SRHS sets up a "perverse incentive between Jackson County and class counsel" because Jackson County is allegedly funding the attorneys' fee award; (4) there is no evidence of what benefit the class will receive in exchange for the release of Jackson County. (Doc. No. 177, pages 15-18).

These criticisms are readily addressed by the evidence already in the record and legal arguments that will be made by counsel at the Final Fairness Hearing. For example, whether the thousands of pages of discovery related to the County obtained by Class Counsel is adequate to evaluate Jackson County's liability in light of the applicable law is simply an issue for legal argument - there is no testimony that can be provided by the Jackson County Board of Supervisors that would have any bearing on whether discovery in this case was adequate. The Final Fairness Hearing is not the appropriate place for Objectors to attempt to develop new discovery on the issue of the County's liability through live testimony of the members of the Board of Supervisors.

Similarly, there are no facts in dispute regarding the procedural adequacy or validity of the County's vote authorizing the settlement - the question is merely a legal one. The Contribution Agreement between the County and SRHS speaks for itself and Objectors' (albeit erroneous) interpretation of it and the purpose of the County's monetary contribution to the settlement is also a matter for legal argument that Objectors' counsel can make without the need for live testimony from the members of the JCBOS.

Objectors argue, without citation to any authority, that "Jackson County is an implicit guarantor of the plan" and that Jackson County's liability for a plan default is "potentially unlimited." These "beliefs," as they are characterized by Objectors, may be argued at the Final Fairness Hearing, but the question is whether the law supports those "beliefs," and that is the purpose of legal argument. The members of the Jackson County Board of Supervisors are not qualified to give legal opinions regarding the County's obligation, if any, to be a "guarantor of the Plan." The extent of Jackson County's liability, if any, is a complex legal matter involving issues of governmental immunity, the language of the Plan, and a determination of applicable

law, among other things. Objectors will also have to address what additional exposure Jackson County has given its assertion of immunity for tort claims and, with respect to missed annual contributions, the $149,950,000 payment to the Trust required by the settlement agreement is equivalent to the value of the annual required contributions that SRHS failed to make between 2009 and 2014. All of these arguments can be presented by Objectors' counsel, who have not articulated any reason whatsoever that they need the testimony of any current or former member of the Jackson County Board of Supervisors or their Comptroller to do so.

Wherefore, Premises Considered, Barry Cumbest, Supervisor-District 1 of the Jackson County Board of Supervisors, Melton Harris, Jr., Supervisor-District 2 of the Jackson County Board of Supervisors and Joshua Eldridge, Jackson County Chancery Clerk, respectfully request that the Court quash the Subpoenas demanding their attendance at the May 16th hearing.

  /s/ William L. Guice, III
William Lee Guice III
Mississippi Bar #5059
Rushing & Guice, P.L.L.C.
Post Office Box 1925
Biloxi, MS 39533-1925
228-374-2313/228-875-5987

## CERTIFICATE OF SERVICE

The undersigned resident attorney certifies that on this 12th day of May, 2016, a copy of the foregoing pleading has been mailed, filed via the ECF system, and/or otherwise served on all parties and/or their counsel who have appeared in this case. Documents to additional defendants named in this pleading may be served according to the law.

I also certify that on May 12, 2016, I sent via U.S. Mail, postage-prepaid, a copy of the foregoing to the following non-CM-ECF participant:

>Mary Murphy
>7818 Tapp Road
>Ocean Springs, Mississippi 39564

>/s/ William L. Guice, III
>William Lee Guice III
>Mississippi Bar #5059
>Rushing & Guice, P.L.L.C.
>Post Office Box 1925
>Biloxi, MS 39533-1925
>228-374-2313/228-875-5987