UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS JONES et al                                                                                           PLAINTIFFS

VERSUS                                                         CIVIL ACTION NO. 1:14CV447-LG-RHW
                                                                    CONSOLIDATED WITH 1:15CV1-LG-RHW
                                                                    CONSOLIDATED WITH 1:15CV44-LG-RHW

SINGING RIVER HEALTH SYSTEM et al                                                        DEFENDANTS

## ORDER GRANTING MOTIONS TO QUASH

Before the Court are Plaintiffs' motion to quash subpoenas and Defendant Singing River Health System's (Singing River) motion to quash subpoenas.  Doc. [201] & [220].  Each set of subpoenas was issued by attorney W. Harvey Barton, who represents several Objectors to the proposed class settlement.  The subpoenas are directed to Craig Summerlin, Records Custodian for Singing River Health Systems, and command production of the personnel files of the five named Plaintiffs in the *Jones* action.  Doc. [202-1] & [209].  The second set of subpoenas also commands the appearance of Summerlin to testify at the May 16, 2016, fairness hearing; however, Singing River's motion to quash purports only to quash production of the personnel files.  *See* Doc. [210].  In its reply, Singing River for the first time requests that Summerlin be excused from appearing at the fairness hearing.  Doc. [247] at 3-4.  Objectors are not parties to this lawsuit but rather members of the proposed class settlement who seek discovery in preparation for the fairness hearing.  Plaintiffs, whose personnel files are the subject of the subpoenas, are the class representatives in the instant litigation.

Discovery in the context of a fairness hearing is not as permissive as discovery conducted between parties in the course of ordinary civil litigation.  *See Int'l Union, United Automobile,*

*Aerospace and Agri Implement Workers of America v. Gen'l Motors Corp.*, 497 F.3d 615, 635 (6th Cir. 2007)(outlining the procedural safeguards of fairness hearings and holding that objecting class members do not have vested entitlement to discovery); *In re Community Bank of Northern Virginia*, 418 F.3d 277, 316 (3d Cir. 2005)(discussing limits of discovery afforded objectors); *In re Prudential Ins. Co. of America Sales Practices Litigation Agent Actions*, 148 F.3d 283, 325 (3d Cir. 1998); *In re Domestic Air Transp. Antitrust Litigation*, 144 F.R.D. 421, 424 (N.D.Ga. 1992)("[c]lass members who object to a settlement of a class action do not have an absolute right to conduct discovery and presentation of evidence."). Rule 23, Fed. R. Civ. P., provides that the court must permit any class member the opportunity to object to the proposed class settlement. Fed. R. Civ. P. 23(e). The Court has complied with this obligation and will be conducting a fairness hearing to permit Objectors an opportunity to be heard. *See Union Asset Management Holding A.G. v. Dell*, 669 F.3d 632, 641-42 (5th Cir. 2012)("[o]bjectors have a right to be heard, but a fairness hearing is not a full trial proceeding.").

When reviewing a request for production of personnel records, the Court must balance competing discovery and privacy interests. *See In re Xarelto (Rivaroxaban) Products Liability Litigation*, 313 F.R.D. 32, 35-36 (E.D. La. 2016); *see also White v. State of Mississippi*, 498 So.2d 368, 371 (Miss. 1986)(holding that production of employee personnel file without good cause is an unwarranted invasion of privacy); *Burrell v. State of Mississippi*, 727 So.2d 761, 766-67 (Miss. Ct. App. 1998)(same); *Miller v. Federal Express Corp.*, 186 F.R.D. 376, 384 (W.D. Tenn. 1999)("personnel records, because of the privacy interests involved, should not be ordered produced except upon a compelling showing of relevance"). In weighing these competing interests, the Court first notes that the Objectors seek discovery in the context of a fairness

hearing, where discovery is more limited.  In response to the motions to quash, Objectors argue that the personnel files are relevant to issues of the Plaintiffs' lack of knowledge; what prejudices they may have for or against Singing River Hospital System; and whether any conflicts exist between the Plaintiffs and other class members.  Objectors fail to articulate what information the personnel files might contain relevant to the issues of lack of knowledge, prejudice, or conflicts on the part of Plaintiffs.  In an effort to lend more substance to their relevancy argument, Objectors assert that one of the Plaintiffs may be a double dipping retiree and that another Plaintiff may have been discharged from employment due to a substance abuse problem.  Objectors fail to explain adequately the connection between class representation and these specific assertions of fact.  To the contrary, Objectors arguments reveal that their primary motivation for obtaining the personnel files is to embarrass, harass, and intimidate the class representative Plaintiffs.  Accordingly, the Court finds that the Plaintiffs' privacy interests outweigh the Objectors interests in obtaining discovery of the Plaintiffs' personnel files.

   In its reply, Singing River argues that Summerlin should be excused from appearing for the fairness hearing because he has no relevant testimony as to the fairness of the proposed settlement.  Doc. [247] at 4-5.  Because this argument was not raised until Singing River's reply, the undersigned declines to rule on the issue.  *See Wallace v. County of Comal*, 400 F.3d 284, 292 (5th Cir. 2005); *K.C. ex rel. M.C. v. Mansfield Independent School Dist.*, 618 F.Supp.2d 568, 577 (N.D.Tex. 2009).  However, Singing River may raise this issue of Summerlin's testimony with the district judge at the fairness hearing.

   IT IS THEREFORE ORDERED AND ADJUDGED that the [201] [220] Motions to Quash are GRANTED such that Craig Summerlin and Defendant Singing River Health Systems,

Inc. are not required to produce the personnel files of the five named Plaintiffs in the *Jones* action. The undersigned defers to the district judge any ruling on the issue of whether Summerlin should be allowed to testify at the fairness hearing.

    SO ORDERED, this the 13th day of May, 2016.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE