IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS JONES, et al., on behalf of
themselves and others similarly situated                     PLAINTIFFS

v.                                              CAUSE NO. 1:14CV447-LG-RHW
                                        CONSOLIDATED WITH 1:15CV1-LG-RHW
                                       CONSOLIDATED WITH 1:15CV44-LG-RHW

SINGING RIVER HEALTH SYSTEM, et al.                          DEFENDANTS

**ORDER GRANTING MOTIONS TO QUASH SUBPOENAS**

**BEFORE THE COURT** are: (1) the Motion to Quash Subpoena [241] filed

by the Cobb plaintiffs as to the subpoena issued to one of their attorneys, Dustin

Thomas; (2) the Motion to Quash Subpoenas [244] filed by Jackson County

Supervisors Barry Cumbest and Melton Harris, Jr., and the Jackson County

Chancery Clerk, Joshua Eldridge; and (3) the Motion to Quash [249] filed by former

Jackson County Supervisor John McKay.  The objectors to the proposed class action

settlement in this lawsuit served the subpoenas at issue, seeking to compel the

attendance of these individuals at the Fairness Hearing presently scheduled for

May 16, 2016.

The purpose of a fairness hearing is to "create a record sufficient to determine

whether a proposed settlement is fair, reasonable, and adequate to the class and to

support findings of fact and conclusions of law."  Manual of Complex Litigation (4th)

§ 22.926.  These subpoenas are untimely.  Moreover, the objectors have not

demonstrated that these witnesses will provided useful testimony on the relevant

issues before the Court.  Therefore the Motions to Quash should be granted.

**DISCUSSION**

Fed. R. Civ. P. 45(d)(3) provides:

> On timely motion, the court for the district where compliance is
> required must quash or modify a subpoena that: (i) fails to allow a
> reasonable time to comply; (ii) requires a person to comply beyond the
> geographical limits specified in Rule 45(c); (iii) requires disclosure of
> privileged or other protected matter, if no exception or waiver applies;
> or (iv) subjects a person to undue burden.

## I.  THE SUBPOENA SERVED ON DUSTIN THOMAS

The Cobb plaintiffs ask the Court to quash the subpoena served on their

attorney Dustin Thomas, because they assert that any testimony elicited would be

protected by the attorney-client privilege and/or the work product doctrine.  The

objectors served Mr. Thomas with a subpoena on May 11, 2016, only three business

days prior to the scheduled Fairness Hearing.  Therefore, the objectors' subpoena

has left insufficient time for the parties to fully brief Mr. Thomas' Motion to Quash.[1]

Nevertheless, a Motion for Order Governing Proceedings was filed that sought to

prevent the objectors from questioning Thomas and other attorneys at the Fairness

Hearing.  The objectors' response to that Motion did not explain how the testimony

of Thomas or any other attorney would be germane to the Court's determination at

the Fairness Hearing.  The objectors also did not address the argument that any

testimony from these attorneys would be privileged.

The Court can only speculate and assume that the objectors intend to

_____

[1] Mr. Thomas has not objected to the timeliness of the subpoena.

question Mr. Thomas concerning the settlement negotiations that led to the proposed class settlement. "Because settlement negotiations involve sensitive matters, the courts have consistently applied the principle that discovery of settlement negotiations is proper only where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive." *Hemphill v. San Diego Ass'n of Realtors, Inc.*, 225 F.R.D. 616, 620 (S.D. Cal. 2005). Furthermore "[t]he work product privilege "serves to protect the interests of clients and their attorneys in preventing disclosures about the case by shielding the lawyers' mental processes from his adversary." *In re Grand Jury Subpoena*, 419 F.3d 329, 339 (5th Cir. 2005). In addition, any communication between Mr. Thomas and his clients would be protected by the attorney-client privilege. As a result, the Court finds that Thomas should not be required to testify at the Fairness Hearing. The Motion to Quash the subpoena served on Thomas is granted.

## II.  THE SUBPOENAS SERVED ON JACKSON COUNTY OFFICIALS

Likewise, the Jackson County subpoenas were served on May 11, 2016, three business days prior to the Fairness Hearing. Thus, these officials claim that the subpoenas should be quashed as untimely. The officials further argue that the regularly scheduled Board of Supervisors' meeting will be held on the same date as the Fairness Hearing. In addition, they assert that any testimony that they would give at the hearing would likely be privileged, because they will likely be asked to testify about matters that occurred in executive sessions in which the County

-3-

attorney participated and provided advice.  The officials also argue that their testimony is not relevant to the issues that the Court must decide at the Fairness Hearing.

Rule 45 does not specify the number of days prior to a hearing that a subpoena must be served; the Rule merely provides that a subpoena should be quashed if it fails to permit a reasonable amount of time for compliance.  Fed. R. Civ. P. 45(d)(3)(A)(i).  However, courts often assume that a minimum of fourteen days is required, because the deadline for objecting to subpoenas is fourteen days after service.  *See, e.g., Verisign, Inc. v. XYZ.com, LLC*, No. 15-mc-175-RGA-MPT, 2015 WL 7960976, at *3 (D. Del. Dec. 4, 2015); *Hall v. Louisiana*, No. 12-657-BAJ, 2014 WL 1652791 (M.D. La. Apr. 23, 2014); *see also* Fed. R. Civ. P. 45(d)(2)(B).  Furthermore, federal courts have frequently rejected time periods that exceeded the three days notice provided in the present case.  *See, e.g., Fid. & Guar. Life Ins. Co. v. United Advisory Grp., Inc.*, No. JFM-13-40, 2016 WL 632025, at *11 (D. Md. Feb. 17, 2016) (holding that seven days was insufficient); *In re Stratosphere Corp. Sec. Litig.*, 183 F.R.D. 684, 686 (D. Nev. 1999) (holding that five days was insufficient notice to appear at a deposition).  As a result, the Court finds that the objectors failed to give the officials a reasonable time to comply.  The Court further notes that it is unclear how the testimony of these officials could assist the Court in determining whether the proposed class settlement is fair, reasonable, and adequate.  As a result, the subpoenas served on Jackson County Supervisors Barry

-4-

Cumbest and Melton Harris, Jr., former Supervisor John McKay, and the Jackson County Chancery Clerk Joshua Eldridge are quashed.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Quash Subpoena [241] filed by the Cobb plaintiffs, the Motion to Quash Subpoenas [244] filed by Jackson County Supervisors Barry Cumbest and Melton Harris, Jr., and the Jackson County Chancery Clerk, Joshua Eldridge, and the Motion to Quash [249] filed by former Jackson County Supervisor John McKay are **GRANTED**.

**SO ORDERED AND ADJUDGED** this the 13th day of May, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

-5-