IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS JONES, et al., on behalf of
themselves and others similarly situated                              PLAINTIFFS

v.                                          CAUSE NO. 1:14CV447-LG-RHW
                                      CONSOLIDATED WITH 1:15CV1-LG-RHW
                                     CONSOLIDATED WITH 1:15CV44-LG-RHW

SINGING RIVER HEALTH SYSTEM, et al.                              DEFENDANTS

ORDER GRANTING KPMG'S MOTION TO STAY PROCEEDINGS

**BEFORE THE COURT** is the Motion to Stay Proceedings [198] filed by the defendant KPMG, LLP.  The Motion has been fully briefed by the parties.  After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the plaintiff Martha Ezell Lowe's claims against KPMG should be stayed pending resolution of the arbitration of the claims filed by Thomas Jones, et al.

BACKGROUND

Two putative class action lawsuits – Jones and Lowe – were filed against KPMG and others as a result of the alleged underfunding of the Singing River Health System Employees' Retirement Plan and Trust.[1]  KPMG filed Motions to Compel Arbitration in both of these lawsuits.  On June 5, 2015, the Court

---

[1] A more complete discussion of the facts and the claims asserted in these lawsuits is included in the Memorandum Opinion and Order [161], which is incorporated herein by reference.

consolidated the lawsuits.[2]  The Court entered a Memorandum Opinion and Order [161] compelling arbitration of the Jones plaintiffs' claims against KPMG on March 29, 2016.  The Motion to Compel Arbitration of Lowe's claims against KPMG was denied.  KPMG appealed the denial of its Motion concerning Lowe's claims.

KPMG now seeks a stay of Lowe's claims pending resolution of the Jones plaintiffs' claims.  In the alternative, it seeks a stay pending the conclusion of its appeal.

## DISCUSSION

KPMG argues that it is entitled to a stay pursuant to Section 3 of the Federal Arbitration Act, which provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.  Generally, this mandatory stay provision does not apply to those who did not sign an arbitration agreement and are otherwise not bound by it.  *Adams v. Ga. Gulf Corp.*, 237 F.3d 538, 540 (5th Cir. 2001).  Courts have recognized an exception to this rule, holding that a nonsignatory may obtain a mandatory stay

---

[2] These lawsuits were consolidated with a third putative class action lawsuit, Cobb, but the Cobb plaintiffs have not asserted any claims against KPMG; therefore, it is not necessary to further discuss the Cobb lawsuit in this opinion.

against a signatory if the following circumstances are present: "(1) the arbitrated and litigated disputes must involve the same operative facts; (2) the claims asserted in the arbitration and litigation must be inherently inseparable; and (3) the litigation must have a critical impact on the arbitration." *Waste Mgmt., Inc. v. Residuos Industriales Multiquam*, 371 F.3d 339, 343 (5th Cir. 2004). However, several courts have refused to extend this exception to permit a signatory to obtain a stay against a nonsignatory. *See, e.g., Mendez v. Puerto Rican Int'l Cos., Inc.*, 553 F.3d 709, 711 (3d Cir. 2009); *Vallejo v. Garda CL Sw., Inc.*, No. H-12-0555, 2013 WL 6190175, at *5 (S.D. Tex. Nov. 26, 2013). In *Mendez*, the Third Circuit held that "section 3 was not intended to mandate curtailment of the litigation rights of anyone who has not agreed to arbitrate any of the issues before the court." *Mendez*, 553 F.3d at 711.

Since Lowe did not sign the arbitration agreement and this Court has previously held that she is not otherwise bound by the arbitration agreement, KPMG is not entitled to a mandatory stay pursuant to Section 3 of the FAA. This Court must next consider KPMG's argument that a discretionary stay should be imposed.

The United States Supreme Court has explained:

> In some cases, of course, it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district court . . . as a matter of its discretion to control its docket.

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 461 U.S. 1, 20 n.23 (1983).

The Fifth Circuit has explained: "We have long held that if a suit against a nonsignatory is based upon the same operative facts and is inherently inseparable from the claims against a signatory, the trial court has discretion to grant a stay if the suit would undermine the arbitration proceedings and thwart the federal policy in favor of arbitration." *Hill v. G E Power Sys., Inc.*, 282 F.3d 343, 347 (5th Cir. 2002). District courts within the Fifth Circuit have held that it is not absolutely necessary that the claims be inherently inseparable in order to justify a discretionary stay; significant overlap of claims is sufficient. *Broussard v. First Tower Loan, LLC*, No. 15-1161 c/w 15-2500, 2015 WL 8478573, at *13 (E.D. La. Dec. 10, 2015); *Suzlon Infrastructure, Ltd.*, No. H-09-2206, 2010 WL 3540951, at *8 (S.D. Tex. Sept. 10, 2010).

As this Court previously held in its Memorandum Opinion and Order Concerning the Plaintiffs' Motions to Consolidate Actions and Appoint Lead Counsel [106], the facts in the Lowe and Jones lawsuits are identical. The Jones plaintiffs have filed the following claims against KPMG: breach of fiduciary duty, Section 1983 conspiracy, negligence and professional malpractice, and fraud, fraudulent misrepresentation, and deceit. Lowe alleges that KPMG aided and abetted a breach of fiduciary duty. Thus, the claims filed in Jones and Lowe are not identical, nor are they inherently inseparable.[3] Nevertheless, there is significant

---

[3] KPMG incorrectly argues that this Court previously found that the claims asserted in Lowe and Jones are identical. The Court only noted that the lawsuits contained one common claim for breach of fiduciary duty against certain defendants. (Mem. Op. & Order at 7, ECF No. 106). The pertinent inquiry when

overlap among the claims asserted against KPMG in these lawsuits, because the same witnesses and evidence will likely be necessary to prove the claims asserted in Lowe and Jones.  Finally, allowing Lowe to litigate her claims would pose a risk of inconsistent results and may undermine the arbitration of the Jones claims.  *See Waste Mgmt., Inc.*, 372 F.3d at 345 (explaining that the binding effect of federal judgments would strongly influence an arbitrator to follow the court's decision, particularly where the claims asserted are similar).  As a result, the Court finds that a discretionary stay of Lowe's claims against KPMG pending resolution of the Jones arbitration is warranted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Stay Proceedings [198] filed by the defendant KPMG, LLP, is **GRANTED**.  Martha Ezell Lowe's claims against KPMG are **STAYED** pending resolution of the arbitration of the Jones plaintiffs' claims against KPMG.  The claims filed against Transamerica in these lawsuits are not affected by this stay.

**SO ORDERED AND ADJUDGED** this the 15th day of June, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

---

considering consolidation is whether the lawsuits involve "*a* common question of law or fact," not whether they contain completely identical claims.  *See* Fed. R. Civ. P. 42(a) (emphasis added).