IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**THOMAS JONES, et al.**                                                   **PLAINTIFFS**

**v.**                                           **CAUSE NO. 1:14cv447-LG-RHW**
*consolidated with* **1:15cv1-LG-RHW**
**1:15cv44-LG-RHW**

**SINGING RIVER HEALTH SERVICES**
**FOUNDATION, et al.**                                        **DEFENDANTS**

<u>**ORDER AND FINAL JUDGMENT**</u>

This cause came to be heard upon the *Jones* Plaintiffs' Motion for Final Approval of Class Action Settlement [162].  Numerous written responses and objections to Plaintiffs' Motion for Final Approval were filed and the Court conducted a two-day Final Fairness Hearing on May 16-17, 2016.  Having read the parties' briefs, the briefs of the objectors, and having reviewed the evidence submitted in the case, as well as having heard and considered all of the arguments made at the Final Fairness Hearing, the Court hereby orders and adjudges as follows:

      (a)      The settlement, as appears in Document 163-1, incorporated herein by this reference, is fair, reasonable and adequate, is ordered finally approved, and shall be consummated in accordance with its terms and provisions.

      (b)      The consolidated actions *Jones, et al. v. Singing River Health Services Foundation, et al.*, Case No. 1:14-cv-447-LG-RHW, *Cobb, et al. v. Singing River Health System, et al.*, Case No. 1:15-cv-1-LG-RHW, and *Lowe v. Singing River*

*Health System, et al.*, Case No. 1:15-cv-44-LG-RHW (collectively, "Federal Action") are proper class actions for purposes of settlement under Fed. R. Civ. P. 23, and the following mandatory settlement class is certified pursuant to Fed. R. Civ. P. 23(b)(1)(A):

> All current and former employees of Singing River Health System who participated in the Singing River Health System Employees' Retirement Plan and Trust, including their spouses, alternate payees, death beneficiaries, or any other person to whom a plan benefit may be owed.

(c) The Court finds and determines that the notice procedure afforded adequate protections to the Settlement Class Members and provided the basis for the Court to make an informed decision regarding approval of the Settlement based on the response of Settlement Class Members. The Court finds and determines that the notice provided in this case satisfied the requirements of law and due process.

(d) The Court expressly determines that there is no just reason for delay, and therefore expressly directs entry of final judgment pursuant to Fed. R. Civ. P. 54(b) as to the claims against Defendants Singing River Health System ("SRHS"), Singing River Health Services Foundation, Singing River Health System Foundation (f/k/a Coastal Mississippi Healthcare Fund, Inc.), Singing River Hospital System Foundation, Inc., Singing River Hospital System Employee Benefit Fund, Inc., Board of Trustees for the Singing River Health System, and Singing River Hospital System ("Other Singing River Defendants"), and Defendants Michael J. Heidelberg, Morris G. Strickland, Ira S. Polk, Michael Crews, Tommy L. Leonard, Michael D. Tolleson, Lawrence H. Cosper, Allen L. Cronier, Marva Fairley-Tanner,

Grayson Carter, Jr., Gary C. Anderson, G. Chris Anderson, Gary Anderson, Kevin Holland, Martin D. Bydalek, William C. Descher, Stephen Nunenmacher, Joseph P. Vice, Eric D. Washington, Hugo Quintana, and Stephanie Barnes Taylor ("Individual Defendants"). The Plaintiffs' claims against KPMG, LLP, and Transamerica Retirement Solutions Corporation shall remain pending.

(e) All claims, rights and causes of action, damages, losses, liabilities and demands of any nature whatsoever, whether known or unknown, that are, could have been or might in the future be asserted by the Trust, any Plaintiffs or any member of the Settlement Class (whether directly, representatively or in any other capacity), against the following Released Persons, in connection with or that arise out of any acts, conduct, facts, transactions or occurrences, alleged or otherwise asserted or that could have been asserted in the Actions related to the failure to fund the Trust and/or management or administration of the Plan (collectively referred to as the "Settled Claims") shall be compromised, settled, released and discharged with prejudice:

(1) Jackson County, Mississippi and the Jackson County Board of Supervisors;

(2) Singing River Health System, its current and former Board of Trustees (individually and in their official capacities), agents, servants and/or employees;

(3) Singing River Health Services Foundation, Singing River Health System Foundation f/k/a Coastal Mississippi Healthcare Fund, Inc., Singing River Hospital System Foundation, Inc., Singing River Hospital System Benefit Fund, Inc., and Singing River Hospital System and all of their current and former employees, agents, and inside and outside counsel and their firms; and

(4) current and former Trustees of the Trust (in their individual and official capacities).

(f)     The Plaintiffs and/or members of the Settlement Class are hereby permanently barred and enjoined from instituting or prosecuting, either directly or in any other capacity, any action that asserts any claims released under the terms of the Settlement Agreement.

(g)     Without affecting the finality of this Order and Judgment in any way, this Court grants continuing authority and exclusive jurisdiction over implementation of the Settlement, and over enforcement, construction and interpretation of the Stipulation to the Jackson County Chancery Court in Cause No. 2015-0060-NH.

(h)     This Court approves the award of attorneys' fees and expenses as well as incentive fees as set forth in its order regarding same [Doc. #287] and grants continuing jurisdiction over the payment of those fees to the Jackson County Chancery Court in Cause No. 2015-0060-NH.

**SO ORDERED AND ADJUDGED** this the 16th day of June, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE