# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

THOMAS JONES, et al., on
behalf of themselves and
others similarly situated                                                              PLAINTIFFS

v.                                      CAUSE NO. 1:14CV447-LG-RHW
                                        CONSOLIDATED WITH 1:15CV1-LG-RHW
                                        CONSOLIDATED WITH 1:15CV44-LG-RHW

SINGING RIVER
HEALTH SYSTEM, et al.                                                                  DEFENDANTS

## ORDER DENYING OBJECTORS' MOTION TO STAY PROCEEDINGS

**BEFORE THE COURT** is the Motion to Stay Proceedings [338] filed by the Objectors in these consolidated class action lawsuits. After reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Motion to Stay Proceedings should be denied.

## DISCUSSION

On July 27, 2017, the United States Court of Appeals for the Fifth Circuit entered an opinion vacating and remanding this Court's Order and Final Judgment [300] approving the settlement of these consolidated class action lawsuits. The Fifth Circuit did "not hold that the settlement should not be approved, or cannot be approved as modified," but remanded the case for further consideration of certain issues. *Jones v. Singing River Health Servs. Found.*, 865 F.3d 285, 303 (5th Cir. 2017). The Objectors to the settlement filed a Petition for Rehearing En Banc, seeking reconsideration of certain findings made by the Fifth Circuit, including its determination that the release of Jackson County, Mississippi, pursuant to the

proposed settlement agreement would not render the settlement agreement inadequate. On September 6, 2017, the Fifth Circuit denied the Petition for Rehearing En Banc, because "[n]o member of the panel nor judge in regular active service of the court . . . requested that the court be polled on Rehearing En Banc." *Jones v. Singing River Health Servs. Found.*, No. 16-60550 (5th Cir. Sept. 6, 2017). The Judgment and Mandate were issued on September 14, 2017.

Pursuant to the Mandate and the Fifth Circuit's opinion, this Court entered an Order Scheduling a Pretrial Status Conference for September 25, 2017. The Objectors filed the present Motion to Stay Proceedings, stating "Objectors have ninety (90) days from the denial of the Petition, or until December 5, 2017, to file their Petition for Certiorari to the United States Supreme Court, and aver that the certiorari petition shall present a substantial question, showing good cause for a stay in this proceeding." No additional argument was included in the Motion and no legal authority was cited in the Motion.

The Fifth Circuit's mandate provided this Court with jurisdiction to conduct further proceedings in this matter. *See BHTT Entm't, Inc. v. Brickhouse Café & Lounge, LLC*, 858 F.3d 310, 312-13 (5th Cir. 2017) ("The list of cases in which this court states unequivocally that the district court re-assumes jurisdiction once the mandate issues is long."). The Fifth Circuit has explained:

> The mandate rule requires a district court on remand to effect our mandate and to do nothing else. . . . Further, on remand the district court must implement both the letter and the spirit of the appellate court's mandate and may not disregard the explicit directives of that court. . . . In implementing the mandate, the district court must take

into account the appellate court's opinion and the circumstances it embraces.

*Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 453 (5th Cir. 2007) (internal quotation marks and citations omitted). "It is well established that an inferior court has no power or authority to deviate from the mandate issued by an appellate court." *In re Time Warner Cable, Inc.*, 470 F. App'x 389, 390 (5th Cir. 2012).

"There are two avenues by which a party may obtain a stay of a mandate: . . . 28 U.S.C. § 2101(f) and Federal Rule of Appellate Procedure 41(d)(2)(A)." *Campbell Harrison & Dagley, L.L.P. v. Hill*, No. 3:12cv4599-L, 2015 WL 3541576, at *1 (N.D. Tex. June 3, 2015). Neither of these avenues provide a means by which a district court can grant a stay of a mandate issued by a court of appeals. Even if there is a means by which a district court can grant a stay after a court of appeals has issued a mandate, the standard of review for such a motion to stay should be no less than a motion to stay filed pursuant to Fed. R. App. P. 41(d)(2)(A) or 28 U.S.C. § 2101(f). Therefore, the Court will analyze the Objectors' Motion under both of these standards.

**I. Fed. R. App. P. 41(d)(2)(A)**

Fed. R. App. P. 41(d)(2)(A) provides: "A party may move to stay the mandate pending the filing of a writ of certiorari in the Supreme Court. The motion must be served on all parties and must show that the certiorari petition would present a substantial question and that there is good cause for a stay." The Fifth Circuit considers the likelihood that the Supreme Court will grant certiorari when

determining whether a certiorari petition would raise a substantial question. *See Scott v. Sclesinger*, 498 F.2d 1093, 1095-96 (5th Cir. 1974).

As explained previously, the Objectors should have filed their Motion for a Stay with the Fifth Circuit prior to issuance of the mandate, but they failed to do so. *See Campbell Harrison & Dagley, L.L.P.*, 2015 WL 3541576, at *2. Even if this Court were permitted to issue a stay pursuant to Fed. R. App. P. 41(d)(2)(A), the Objectors' conclusory assertion that their petition for a writ of certiorari will raise a substantial question is insufficient grounds for granting a stay. The Objectors have not stated the grounds that will be the basis for their petition, so they have not shown that the petition would present a substantial question. Nevertheless, the Court will assume that the Objectors intend to raise the following issues that were raised in their Petition for a Rehearing En Banc:

> 1) Was it the burden of proof on [sic] the Objectors to provide definitive legal authority holding that a Mississippi county is responsible for the debts of its "independent" entity, the absence of which resulted in the Panel dismissing the argument?
>
> 2) Did the [O]bjectors waive the objection to the unsolicited, post-hearing letter from class counsel regarding the release of Jackson County, despite properly objecting to the submission of the letter in the District Court through a Rule 59 Motion, thereby preserving the right to argue error on appeal?
>
> 3) Did Objectors waive their claim to the non-opt out provision of the district court's preliminary certification of the class action under Rule 23(b)(1)(A)?
>
> 4) Did Objectors fail to make an argument concerning the Court's simultaneous release of individual SRHS defendants from whatever claims may have been asserted based on their ineptitude or malfeasance, and thus waive this objection?

(Objectors' Pet. for Reh'g En Banc, Document 0051408886, 5th Cir. Case No. 16-60550).

"A petition for writ of certiorari will be granted only for compelling reasons." Sup. Ct. R. 10. The Supreme Court typically considers: (1) cases that "call for an exercise of [the Supreme] Court's supervisory power," such as circuit splits or decisions that "departed so far from the accepted and usual course of judicial proceedings"; (2) cases in which "a state court of last resort has decided an important federal question in a way that conflicts with the decision of another state court of last resort or of a United States court of appeals"; or (3) cases in which "a state court or United States court of appeals has decided an important question of federal law that has not been but should be, settled by this Court, or has decided an important federal question in a way that conflicts with relevant decisions of [the Supreme Court]." *Id.* "A petition for a writ of certiorari is rarely granted when the asserted error consists of erroneous factual findings or the misapplication of a properly stated rule of law." *Id.*

The Objectors have not identified any important federal questions, and they have not demonstrated that the Fifth Circuit has issued a holding that conflicts with existing law. They merely raise procedural questions concerning waiver of objections and the burden of proof. It is unlikely that the Supreme Court would grant certiorari as to issues of this nature. Therefore, the Objectors have not raised a substantial question justifying a stay.

The Objectors have also failed to demonstrate good cause for the stay. It is undisputed that the pension plan that is the subject of these lawsuits is being diminished as time progresses; thus, all retirees, including the Objectors, are best served by expediting the proceedings in this matter.

## II. 28 U.S.C. § 2101(f)

28 U.S.C. § 2101(f) provides:

> In any case in which the final judgment or decree of any court is subject to review by the Supreme Court on writ of certiorari, the execution and enforcement of such judgment or decree may be stayed for a reasonable time to enable the party aggrieved to obtain a writ of certiorari from the Supreme Court. The stay may be granted by a judge of the court rendering the judgment or decree or by a justice of the Supreme Court . . . .

The following three conditions must be satisfied prior to issuance of a stay pursuant to this statute: "There must be a reasonable probability that certiorari will be granted (or probable jurisdiction noted), a significant possibility that the judgment below will be reversed, and a likelihood of irreparable harm (assuming the correctness of the applicant's position) if the judgment is not stayed." *Barnes v. E-Sys., Inc. Grp. Hosp. Med. & Surgical Ins. Plan*, 501 U.S. 1301, 1302 (1991). The Objectors have not satisfied any of these conditions in either their Motion to Stay or the arguments included in their Petition for Rehearing En Banc.

Moreover, "Congress has only authorized the court of appeals or a Justice of the Supreme Court to stay the execution or enforcement of the court of appeals' judgment pending a petition for certiorari." *In re Time Warner Cable, Inc.*, 470 F. App'x at 390. A district court's decision to grant a stay after a court of appeals has

issued a mandate could be viewed as an improper deviation from the mandate. *See id.* Therefore, the Objectors' Motion to Stay must be denied.

## CONCLUSION

The Objectors have not identified any authority that would enable this Court to issue a stay of proceedings without deviating from the Fifth Circuit's mandate. Furthermore, the Objectors have not demonstrated that their expected petition of certiorari would likely be granted or that good cause otherwise exists for granting a stay of the proceedings pending filing of the Objector's petition with the Supreme Court. Finally, further delay in this matter would likely harm the retirees who participate in the pension plan that is the subject of these consolidated class action lawsuits. Of course, this Court's decision to deny the Objectors' Motion to Stay does not prevent the Objectors from filing a petition for certiorari and/or a motion for a stay with the United States Supreme Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Stay Proceedings [338] filed by the Objectors is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 15th day of September, 2017.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge