IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS JONES, et al., on
behalf of themselves and
others similarly situated                                    PLAINTIFFS

v.                               CAUSE NO. 1:14CV447-LG-RHW
                                 CONSOLIDATED WITH 1:15CV1-LG-RHW
                                 CONSOLIDATED WITH 1:15CV44-LG-RHW

SINGING RIVER HEALTH
SYSTEM, et al.                                               DEFENDANTS

## ORDER DENYING OBJECTORS' MOTIONS TO LIFT
## STAY FOR THE PURPOSE OF OBTAINING DISCOVERY

**BEFORE THE COURT** are the Motions [344, 345] to Lift Stay for the Purposes of Obtaining Discovery and to Take Depositions filed by the Objectors to the proposed class settlement in this matter. The Motions have been fully briefed. After reviewing the Motions, the record in this matter, and the applicable law, the Court finds that both Motions should be denied.

## BACKGROUND

These consolidated class action lawsuits arose out of the alleged underfunding of the Singing River Health System Employees' Retirement Plan and Trust. On June 28, 2016, this Court entered an Amended Order and Final Judgment [304] approving the class action settlement in this matter. On July 27, 2017, the United States Court of Appeals for the Fifth Circuit entered an opinion vacating and remanding this Court's Order and Final Judgment [300] approving the settlement. *Jones v. Singing River Health Servs. Found.*, 865 F.3d 285, 303 (5th

Cir. 2017). The Fifth Circuit did "not hold that the settlement should not be approved, or cannot be approved as modified." *Id*. The Fifth Circuit instructed this Court to consider the following issues on remand:

> 1. How, and how much, the future stream of SRHS's payments into the Plan, together with existing Plan assets and prospective earnings, will intersect with future claims of Plan participants, including, but not limited to, what effect the Settlement has on current retirees;
> 2. What are SRHS's future revenue projections, showing dollar amounts, assumptions and contingencies, from which a reasonable conclusion is drawn that SRHS has the financial ability to complete performance under the settlement;
> 3. Why any payments from litigation involving KPMG, Transamerica or related entities are permitted to defray SRHS's payment obligation rather than supplement the settlement for the benefit of class members;
> 4. Why class counsel's fees should not be tailored to align with the uncertainty and risk that class members will bear.

*Id*.

The Objectors ask the Court for permission to conduct discovery regarding whether Singing River shredded financial documents. They also request production of various financial records from Singing River and Jackson County, Mississippi, as well as permission to conduct depositions of the pension plan's former special fiduciary, the plan's current special fiduciary, and all experts who have been retained in this matter.

## DISCUSSION

In its Opinion, the Fifth Circuit held that this Court did not abuse its discretion in refusing to allow further testimony concerning whether documents were shredded. *Jones*, 865 F.3d at 301. The Fifth Circuit also noted that nearly two hundred thousand pages of financial information had been produced in

discovery. *Id.* It held that the Objectors had not demonstrated that there were any discovery violations and it did not suggest that additional discovery was necessary. *Id.*

This Court instructed the parties to the settlement to produce supplemental memoranda addressing the issues delineated by the Fifth Circuit. Singing River has produced updated financial documentation, and the Jones plaintiffs have produced an updated expert report concerning Singing River's finances. This Court has also ordered the parties to provide supplemental notice to the class, and it has scheduled a supplemental fairness hearing. After reviewing the updated financial documentation produced by the parties, the Court finds that additional discovery is unnecessary. As a result, the Objectors' Motion is denied.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motions [344, 345] to Lift Stay for the Purposes of Obtaining Discovery and to Take Depositions filed by the Objectors are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 15th day of November, 2017.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE